**Charlotte COLEMAN, Plaintiff–Appellant,**

v.

**GENERAL MOTORS; Richard Cheers; Joan Thomas; Christopher Listenbee; Christopher Andrews, Defendants–Appellees,**

and

**United Auto Workers, Uaw International Union; United Auto Workers, UAW Sub Region Office; United Auto Workers Local Union 31; Raymond Petty, Defendants.**

No. 14–3141.

United States Court of Appeals, Tenth Circuit.

April 1, 2015.

Charlotte Coleman, O'Fallon, MO, pro se.

David Christopher Vogel, Janelle Williams, Lathrop & Gage, Nicole Forsythe, Forsythe Law Office, Bruce C. Jackson, Jr., Arnold, Newbold, Winter & Jackson, Kansas City, MO, Mark C. Beam–Ward, Beam–Ward, Kruse, Wilson, Wright & ·Fletes, LLC, Overland Park, KS, for Defendants–Appellees.

Richard Cheers, Wentzville, MO, pro se.

Before HARTZ, TYMKOVICH, and MORITZ, Circuit Judges.

**ORDER AND JUDGMENT**[*]

NANCY L. MORITZ, Circuit Judge.

Charlotte Coleman, an African–American female, sued her employer, General Motors, LLC ("GM"); United Auto Workers, UAW International Union; United Auto Workers, UAW Sub Region Office; United Auto Workers Local Union 31; and fellow employees Joan Thomas, Richard Cheers, Christopher Listenbee, Christopher Andrews, and Raymond Petty, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and various state law claims. Early in the litigation, the district court dismissed claims against the three United Auto Workers defendants and Andrews. Three defendants, GM, Thomas, and Listenbee, eventually moved for summary judgment. Proceeding pro se, Coleman appeals from the district court's order granting summary judgment in favor of GM, Thomas, and Listenbee.[1] Exercising

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. Coleman filed a notice of appeal from the district court's Memorandum and Order dated June 20, 2014 ("the Order"), granting summary judgment in favor of GM, Thomas,

and Listenbee. But her notice was premature because the Order did not resolve all claims against all defendants. Further, after filing her notice of appeal, Coleman moved for reconsideration of the Order. The district court dismissed the claims against the remaining defendants, Cheers and Petty, on August 13, 2014, and denied· Coleman's motions for reconsideration on September 12, 2014. Thus, Coleman's notice of appeal became effective on September 12, 2014. *See* Fed. R.App. P. 4(a)(4)(B)(i). But because Coleman did not amend her notice of appeal, our jurisdiction is limited to the only ruling identified in that notice, *i.e.*, the Order. *See* Fed. R.App. P. 4(a)(4)(B)(ii); *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir.1997).

jurisdiction under 28 U.S.C. § 1291, we affirm.

We review summary judgment rulings de novo, applying the same legal standard as the district court. *Morris v. City of Colo. Springs,* 666 F.3d 654, 660 (10th Cir.2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law." Fed.R.Civ.P. 56(a). In analyzing whether summary judgment is appropriate, we view the facts and evidence in the light most favorable to the nonmoving party. *Morris,* 666 F.3d at 660.

At the outset, we note that the district court granted summary judgment in favor of GM on claims of hostile work environment and retaliation and in favor of Thomas and Listenbee on Coleman's state law claims. *Coleman v. General Motors LLC,* No. 12–2305–CM, 2014 WL 2804030, at *1–8 (D.Kan. June 20, 2014). Because Coleman is a pro se litigant, we construe her filings liberally, but we do not construct arguments or otherwise advocate on her behalf. *See Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir.2008); *Hall v. Bellmon,* 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). Even liberally construing her brief, we conclude Coleman makes no arguments challenging the district court's grant of summary judgment in favor of Thomas and Listenbee or in favor of GM on the retaliation claim. As a result, we do not address those portions of the district court's ruling. Instead, we limit our review to Coleman's only discernible appellate argument—that the district court erroneously granted GM summary judgment on her hostile work environment claim. *See Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 679 (10th Cir.1998) (appellant waives arguments inadequately briefed in opening brief).

Regarding that argument, Coleman raises two issues: (1) "The court failed to consider the pervasive harassment and intimidating acts as constituting a hostile work environment," and (2) "The court failed to consider the fact that General Motors ignored plaintiff's complaints and [failed to] take action to provide plaintiff relief from a hostile work environment." We construe these as contentions that the district court erroneously determined she failed to present sufficient evidence of a hostile work environment and erroneously concluded, in the alternative, GM took reasonable actions to remediate the hostile work environment. Coleman also generally asserts the district court failed to apply Title VII law.

After thoroughly reviewing the record, we conclude the district court properly applied Title VII law to the facts of this case. As the district court determined, even accepting Coleman's allegations of harassment as true, they are insufficient to establish a prima facie case of hostile work environment because the incidents she complained of "are either unsupported by any evidence in the record or have no racial or gender component at all, and collectively the alleged incidents do not rise to the level of being pervasive or severe." *Coleman,* 2014 WL 2804030, at *1–5. *See Morris,* 666 F.3d at 663 (explaining that plaintiff alleging hostile work environment must show racial or sexual discrimination pervasive or severe enough to alter the terms, conditions, or privileges of employment).

Further, as the district court alternatively concluded, even if Coleman's allegations could be deemed prima facie evidence of a hostile work environment, GM was entitled to summary judgment because the record demonstrates GM adequately responded to Coleman's reported complaints and GM lacked constructive knowledge of

harassment arising from incidents Coleman did not report. *Coleman,* 2014 WL 2804030, at *5–6. *See Adler,* 144 F.3d at 673 (explaining employers may be liable for failing to remedy hostile work environment created by harassment from fellow employees when plaintiff establishes employer had actual or constructive knowledge of harassment and failed to take adequate measures to correct or prevent harassment).

Accordingly, and for substantially the same reasons stated by the district court, we affirm the district court's order granting summary judgment to GM on Coleman's hostile work environment claim.